ADOLPHE TESTARD V. JOHN NEILSON AND OTHERS.

Where the statute provided that upon return of a delivery bond "forfeited," the
Clerk should issue execution against the principal and his sureties, it was held
that objections to the delivery bond, though apparent on the face of the pro-
ceedings, could not be taken by writ of error, but must be first taken in the
District Court, as contemplated by statute.

Error from Washington.    Tried below before the Hon. R. E.
B. Baylor.

The writ of error was sought and obtained, to the original
judgment and all subsequent proceedings thereon; but the only
assignments of error went to the variance between the first exe-
cution and the delivery bond.    The execution was in favor of
Neilson, Wardwell & Co.; and the delivery bond recited it as in
favor of Neilson Wardwell.    The other facts are stated in the
Opinion.

*G. W. Horton,* for plaintiff in error.    It is not deemed neces-
sary to cite authority to sustain the position that a delivery bond
returned forfeited is a judgment, and is one from which a writ of
error lies, as it is believed that this point has already been de-
cided by this Court.

By an examination of the record, it will be seen that the de-
livery bond recites a different execution from the one levied, and
is in favor of a party different from the plaintiffs in that execu-
tion.    The bond has nothing, therefore, to support it, and is con-
sequently defective and bad, and cannot be sustained.

*Giddings & Giddings,* for defendants in error.    No appeal lies
or writ of error from a judgment on a statutory bond.    A full
and ample remedy is given by statute, by motion in the District
Court, (Hart. Dig. Art. 2394,) by which any party to such bond
has one year given him to move to set the same aside, &c.

No writ of error lies from the statutory judgment on the de-
livery bond.    (Hart. Dig. Art. 793.)

For this Court to take cognizance of the errors assigned in

this case would be to take original jurisdiction over matters not adjudicated in the Court below, which this Court has uniformly held it could not do. Defendants in error suggest delay.

ROBERTS, J. A judgment was rendered in the District Court in favor of defendants in error against plaintiff in error. An execution was issued, a levy made, and a replevy bond taken, and forfeited, and an execution issued against the obligors in the replevy bond. By writ of error Testard brings the case into this Court, and all his assignments of error relate to discrepancies between the replevy bond and the first execution.

The object of the proceeding seems to be, to treat this bond as a judgment, and have it revised and vacated, on account of a variance from the execution, in the names of the plaintiffs below, and in the amount due.

It presents the question, Is this bond, when returned forfeited, such a judgment as this Court can revise upon a writ of error?

The statute says " the Clerks of the several District Courts shall grant writs of error upon any final judgment order or decree, rendered in their Court, upon petition of any party interested." (Art. 793, Hart. Dig.)

This is certainly not a final judgment, order or decree, rendered in the District Court.

The statute does not declare that such a bond, when forfeited, shall be a judgment or shall have the force or effect of a judgment; although it authorizes execution to be issued against the principal and sureties for the amount of the debt and'cost. (Art. 1331, Hart. Dig.) It may be said to stand as a judgment, for one purpose, and that alone; to serve as a basis upon which a ministerial officer is required to do an official act, to wit: issue an execution.

But admitting that the statute had expressly given it the force and effect of a judgment, the law furnishes a party, aggrieved by any error, a more direct and immediate remedy by motion in the District Court. (Hart. Dig. Art. 2394.) If also it became necessary, he might bring to his aid the writ of injunction, as auxiliary to his remedy by motion. (Harris v. Shackleford, Sampson & Co., 2 Tex. R. 133.) It is expressly provided in this remedy by motion, that the obligors may present and try every issue of law or fact, that would have availed them in a regular suit upon the bond.

From this it is obvious, that the parties' rights had not been settled and precluded, either by an adjudication or anything that could stand in the place of an adjudication; and therefore the forfeited bond was not a final judgment, nor did it operate as one, from which an appeal or writ of error would be entertained by this Court. No authorities have been cited by the parties upon this point, and from the limited examination we have been able to give it, we are of opinion that there is no error presented of which this Court can take notice; and that the judgment below should be affirmed.

Judgment affirmed.